FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT, E.D.N.Y.

★ SEP 25 2009 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
COUNTRY VIEW ESTATES @ RIDGE
LLC,

                          Plaintiff,

                - against -

TOWN OF BROOKHAVEN; BUILDING
DEPARTMENT OF THE TOWN OF
BROOKHAVEN; DANIEL GULIZIO
Individually and as commissioner of the
Department of Planning, Environment and
Development of the Town of Brookhaven;
DEPARTMENT OF PLANNING,
ENVIRONMENT AND DEVELOPMENT,
of the Town of Brookhaven; ROBERT T.
REILLY, Chairman; KAREN M. WILUTIS;
ROBERT L. HUGHES; DONALD W. LEO;
PETER CRIS; STEPHEN E. KEEGAN; M.
CECILE FORTE, constituting the Planning
Board of the Town of Brookhaven; NEW
YORK STATE BUILDERS ASSOCIATION,

                         Defendants.
-----------------------------------------------------------X

**ORDER ADOPTING REPORT
AND RECOMMENDATION
AND DISMISSING COMPLAINT**

CV-04-4901 (BMC) (MLO)

**COGAN**, District Judge.

       Plaintiff Country View Estates @ Ridge LLC sues the Town of Brookhaven and other defendants for (1) deprivation of its procedural and substantive due process rights pursuant to the Fourteenth Amendment; (2) violation of its right to equal protection pursuant to the Fourteenth Amendment; (3) violation of its civil rights pursuant to 42 U.S.C. § 1983; (4) violation of its civil rights pursuant to 42 U.S.C. § 1988; (5) violation of its Fifth Amendment right to be free from a regulatory taking of property without just compensation; and (6) violation of some unspecified laws of the State of New York.

1

On May 4, 2005, District Judge John Gleeson (previously assigned to this case) referred defendants' motions for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c) to Magistrate Judge Michael L. Orenstein. Judge Orenstein issued his Report and Recommendation finding that plaintiff's claims are not yet ripe for consideration by this Court and recommending that this court either grant defendants' motion for judgment on the pleadings without prejudice and with leave to replead at such time as the claims do become ripe or hold the case in abeyance pending the final adjudication of the proceedings in state court. Despite being granted an extension of time <u>nunc pro tunc</u> in which to file its objections, plaintiff has not filed any objections to the Report and Recommendation. Nonetheless, I have reviewed the parties' submissions on the motion together with Judge Orenstein's Report and Recommendation.

I agree with and accept the Report and Recommendation. Judge Orenstein is clearly correct that the case is not ripe for adjudication at this time. With regard to the alternative ruling of staying this case pending the outcome of the Article 78 proceeding suggested by Judge Orenstein, I believe that dismissal rather than a stay is appropriate.

Ripeness goes to the existence of a case or controversy under the Constitution and thus presents a jurisdictional issue. <u>Metropolitan Washington Airports Authority, et al. v. Citizens for the Abatement of Aircraft Noise, Inc.</u>, 501 U.S. 252, 265 n. 13, 111 S.Ct. 2298, 115 L.Ed.2d 236

(1991). If the case is not ripe, there is no subject matter jurisdiction, and thus no basis to issue a stay. Dismissal without prejudice is therefore the proper disposition in the ripeness context.[1]

It is therefore

**ORDERED** that plaintiff's complaint is **dismissed** in its entirety without prejudice.

**SO ORDERED.**                                /s/(BMC)

Dated: Brooklyn, New York                                        U.S.D.J.
September 22, 2006

---

[1] Even if this case was ripe, it seems doubtful that plaintiff can assert a constitutionally protected property interest under the Second Circuit's recent decision in Clubside, Inc. v. Valentin, et al., --- F.3d ---, 2006 WL 2615309 (2d Cir. Sept. 13, 2006). Under the applicable law, New York State Town Law § 274-a and § 85-45 of Article VI of the Brookhaven Town Code, the Town retains discretion to deny approval of plaintiff's development plan. Clubside makes it clear that even an Article 78 judgment finding that a town acted arbitrarily does not create a property interest for constitutional purposes.